CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
September 12, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:15CR00034-3 |
| v. ) | **OPINION AND ORDER** |
| SARAH LYNN BERRY, ) | JUDGE JAMES P. JONES |
| Defendant. ) | |

*Sarah Lynn Berry, Defendant Pro Se.*

The defendant has submitted a letter to the Court, which I have construed as a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (hereinafter referred to as the Motion). For the reasons stated, I will deny the motion.

I.

In April and May of 2012, Ms. Berry, her husband Joshua Berry, and a third accomplice named Emmanuel Foster, committed a series of armed robberies of convenience stores and movie theaters near Interstate 77 in Virginia, West Virginia, and North Carolina. Ms. Berry provided a firearm and served as the getaway driver. She did not enter any of the targeted places during the robberies. On May 25, 2012, the three robbed a convenience store in Mount Airy, North Carolina. In the course

of that robbery, Foster shot and killed the store's owner, Donald Claude Arnder, using the pistol supplied by Ms. Berry.

After pleading guilty, Ms. Berry was sentenced by this Court on November 15, 2016, to a total term of 412 months imprisonment, consisting of 240 months on Count Nine of the Indictment, to be followed by a term of 172 months on Count Eleven. Count Nine charged the defendant with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. Count Eleven charged her with causing the death of a person through the use of a firearm in furtherance of that conspiracy, that killing being considered murder as defined in 18 U.S.C. § 1111, in violation of 18 U.S.C. §§ 2, 924(j).

Ms. Berry is now 37 years old and her projected release date from this sentence is October 18, 2041.

## II.

A federal district court generally lacks the authority to change or modify a sentence, once imposed, unless such authority is expressly granted by statute. Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now, however, a district court may modify a defendant's sentence upon a motion by a defendant. 18 U.S.C. §

3582(c)(1)(A).[1]  The policy statements established by the United States Sentencing Commission provides that the following may be extraordinary and compelling reasons for release:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through 3(C) as well as a grandchild, grandparent, or sibling of the defendant.

USSG § 1B1.13(b)(3) (2024).  The defendant alleges that her father "is a very ill man.  [Her] mother is going blind and they are the caregiver of [her] two children."

---

[1]  It appears that Ms. Berry has not exhausted her administrative remedies as required by § 3582(c)(1)(A) because she believes that she is not able to seek administrative relief from her federal sentence since she has "a detainer from West Virginia."  Mot. 1, Dkt. No. 208.  Because she is mistaken, and to prevent delay in ruling on the present Motion, I will not deny the Motion for lack of exhaustion in this instance.

Mot. 1, Dkt. No. 208.[2]  She says she is repentant of her criminal conduct and has been active in many rehabilitative positions while in prison, including an apprenticeship program in Dental Assisting/Dental Specialist.  *Id*.

Ms. Berry has not strictly met the requirements of the Sentencing Commission's Policy Statements, but in any event, I would not exercise my discretion to reduce her sentence based on my consideration of the sentencing factors under 18 U.S.C. § 3553(a).   The nature and circumstances of her offenses and the need to reflect the seriousness of those offenses and to provide just punishment for them  do not justify a reduction.

### III.

For these reasons, it is **ORDERED** that the Motion, Dkt. No. 208, is DENIED.  The Clerk is directed to redesignate the Motion on the docket as a Motion for Compassionate Release.

ENTER:   September 12, 2025

/s/  JAMES P. JONES
Senior United States District Judge

---

[2]  At the time of her sentencing approximately 9 years ago, her children were six and eight and in the legal custody of her parents.  Presentence Investigation Report ¶ 66, Dkt. No. 92.  It thus appears that her children are now 15 and 17.