CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

March 23, 2026

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:15CR00034-003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SARAH LYNN BERRY,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Defendant. | ) | |

*Sarah Lynn Berry, Pro Se Defendant.*

The defendant, Sarah Lynn Berry, states that she has filed a notice of appeal seeking to appeal this court's denial on January 5, 2026, of her Motion for Reconsideration. Ms. Berry alleges that she mistakenly filed the appeal with the U.S. Court of Appeals for the Fourth Circuit and now moves this court to recognize the appeal as timely filed. Alternatively, Ms. Berry requests this court grant an extension of time to file the notice of appeal based on excusable neglect and good cause.

A notice of appeal in a criminal case must be filed in district court within 14 days of the entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). If a notice of appeal is mistakenly filed in the court of appeals, the clerk of that court must note the date the notice was received and send it to the district

court clerk.  Fed. R. App. P. 4(d).  However, a pro se prisoner's notice of appeal is deemed to be filed "at the moment of delivery to prison authorities for forwarding to the district court."  Fed. R. App. P. 4, Advisory Committee's Note to Subdivision (c) (1993 Amendment) (citing *Houston v. Lack*, 487 U.S. 266 (1988)); *see also United States v. Moore*, 24 F.3d 624, 625 (4th Cir. 1994) (finding that *Houston* is not limited to civil actions).  "Upon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."  Fed. R. App. P. 4(b)(4).

Ms. Berry seeks to appeal this court's order from January 5, 2026, Dkt. No. 217, denying her Motion for Reconsideration.  Dkt. No. 216.  Thus, Ms. Berry had until January 19, 2026, to file her notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i), 26(a)(1).  She states that she "delivered her Notice of Appeal to prison staff for mailing on or before January 14, 2026 . . . ."  Def.'s Mot. 2, Dkt. No. 218.  However, no misfiled notice of appeal has been transmitted to this court.  I will therefore treat Ms. Berry's Motions to Recognize Timely Filed Notice of Appeal as a notice of appeal.

The remaining question is whether Ms. Berry has demonstrated excusable neglect or good cause to grant an extension of up to 30 days.  I find any mailing or clerical issues here, coupled with the fact that the government has not challenged the

timeliness of a notice to appeal,[1] suffice to constitute excusable neglect.  And the 17-day delay between the original filing deadline — January 19, 2026 — and the date on which Ms. Berry filed the instant Motions — February 5, 2026 — falls within the 30-day extension period.

Accordingly, it is **ORDERED** that the Motions to Recognize Timely Notice of Appeal, Dkt. Nos. 218, 219, which this court will treat as a notice of appeal, are GRANTED.  The Clerk shall modify the docket entry to change to "Notice of Appeal."

DATED:  March 23, 2026

/s/ JAMES P. JONES
Senior United States District Judge

---

[1] Late-filed appeals pursuant to claim-processing rules, such as Federal Rule of Appellate Procedure 4(b), may go forward when the government has waived or forfeited timeliness objections. *United States v. Brantley*, 87 F.4th 262, 265 (4th Cir. 2023); *United States v. Marsh*, 944 F.3d 524, 527 (4th Cir. 2019).

-3-